IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
CIVIL DIVISION

Markee Ross and Chadrick Davis
Plaintiffs

vs.                                 CASE NO.: 54-CV-2016- 336

City of Helena-West Helena, Arkansas; Virgil Green, Chief of Police in his official capacity as the successor of Uless Wallace, former Chief of Police; Joshua Cross, Individually and in his official capacity as a police officer with the Helena-West Helena Police Department; Don R. Etherly, Vivian Holder, Joe St. Columbia, Sr.; Adrian Messina, John H. Huff, Jr.; Christopher Franklin, Larry Brown, Monica Davis; Wanda Crockett and Ever Jean Ford in their official capacities as members of the Helena-West Helena City Council.
Defendants.

FILED
At 4 O'Clock PM
NOV 2 8 2016
LYNN STILLWELL
PHILLIPS COUNTY CIRCUIT CLERK
By_____ D.C.

## COMPLAINT

COMES NOW, the Plaintiff, Markee Ross, by and through his attorney, James F. Valley, and for his cause of action states:

### JURISDICTION AND VENUE

1. Jurisdiction in this court is appropriate pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights) as Plaintiff alleges deprivation of constitutional rights guaranteed by Amendments 4, 5, 8 and 14 of the United States Constitution. Venue in this court is appropriate. This case is also brought pursuant to the Arkansas Civil Rights Act.

2. As plaintiffs allege that defendants violated the civil and constitutional rights of Markee Ross and Chadrick Davis, causing them pain and suffering, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (3) & (4) and 42 U.S.C. §§ 1983 and 1988.




## PARTIES

3. Plaintiff, Markee Ross, is a resident of Helena-West Helena, Arkansas. He is a person of color of African-American descent.
4. Plaintiff, Chadrick Davis, is a resident of Helena-West Helena, Arkansas. He is a person of color of African-American descent.
5. The Defendant, City of Helena-West Helena, Arkansas is a duly authorized city of the first class organized in the early 1800s as Helena, in the early 1900s as West Helena and consolidated by an election held on March 1, 2005 into the City of Helena-West Helena which took effect on December 31, 2005 as a new city.
6. That collectively, the city has been sued numerous times for violations akin those complained of in the case before the bar.
7. That the Defendant, Virgil Green, is the currently appointed, acting and serving Chief of Police for the Helena-West Helena Police Department and by virtue of his position he is a policymaker for the City of Helena-West Helena and he is the successor to the former Chief, Uless Wallace, who was appointed by the former Mayor, Arnell Willis, during the month of September of 2011 and served until December of 2014 as the Chief of Police in the City of Helena-West Helena, Arkansas.
8. That Uless Wallace, as Chief of Police, disavowed city policies, rules and regulations from past administrations and set out to do things his way with the acquiesce of the mayor and city council.
9. That the Defendant, Joshua Cross, is at all times relevant to this Complaint, the City of Helena-West Helena, Arkansas, duly acting and serving as a police officer for the Helena-West Helena Police Department.
10. That each of the members of the Helena West Helena City Council by virtue of their office, are residents and citizens of Helena-West Helena, Phillips County, Arkansas and are policy makers for the city as empowered by the state legislature.

## FACTUAL ALLEGATIONS

11. On or about November 25, 2013 while riding on Sebastian Street in the city limits of Helena-West Helena, Arkansas, Mr. Chadrick Davis was stopped by Officer Amoson

Bryant, an officer with the Helena-West Helena Police Department. Officer Amoson Bryant made the stop at Jordan's Kwik Stop on North Sebastian Street within the city limits. Mr. Davis was operating a GMC SUV at the time of the stop. Officer Amoson Bryant did not have probable cause for this stop.

12. Officer Amoson Bryant called for backup on this stop.
13. That Officer Joshua Cross soon after the call from Officer Amoson Bryant for backup appeared on this stop to assist Officer Amoson Bryant with the course of action upon which Officer Amoson Bryant was about to embark..
14. Officer Joshua Cross claims that he smelled a strong odor of marijuana coming from the interior of the Davis vehicle. Such a smell, taken alone, is not unlawful and does not form a basis for probable cause.
15. Soon after that Officer Joshua Cross ordered the occupants, Mr. Chadrick Davis and Mr. Markee Ross, from the vehicle at which point Officer Cross and Officer Bryant performed a frisk for weapons and placed Davis in Officer Bryant's car and Ross was placed in Officer Cross' car.
16. After the frisk for weapons Davis and Ross were handcuffed.
17. The car operated by Officer Cross was the Canine Unit (K-9) for the Helena-West Helena Police Department. The dog, who was at all times relevant to this Complaint duly installed and acting as a K-9 officer for the Helena-West Helena Police Department, had a code name of Gunner. Gunner was present in the vehicle operated by Officer Cross at the time that Officer Cross placed Mr. Ross into the vehicle. .
18. Mr. Ross was placed into the front passenger seat of Officer Cross' vehicle and the dog, Gunner, was able to get his head around the barrier in the car and bite Mr. Ross on his upper right shoulder.
19. Mr. Ross yelled to the officers to get their attention and inform them that he had been bitten by Gunner.
20. At the conclusion of this stop, Officer Bryant arrested Chadrick Davis and transported him to the police department and Mr. Ross was released from detention.
21. Mr. Ross subsequent to that received medical treatment from various medical providers.

22. That Mr. Ross has suffered physical and mental injuries including post traumatic stress disorder and is currently under the care of Mr. Theotres Parham for counseling as a direct result of having been treated as he was by these police officers and receiving a bite from the dog that he received.
23. That Chadrick Davis took his charges to trial in the Phillips County District Court and was eventually acquitted of the charges.
24. That Chadrick Davis's rights were violated as a direct and proximate cause of the actions taken on the night in questions and days and weeks which followed with specific emphasis on the fact that no officer on the scene of the arrest was qualified to make a legal determination relative to him being intoxicated by a drug as opposed to alcohol. Officer's must have a specific training in drug recognition to properly handle these matters and no one wants within 50 miles of the stop with that type qualification.

## CAUSES OF ACTION

25. Plaintiff repeats paras 1-18 as if fully re-written herein.
26. By recklessly using excessive force against the plaintiffs, the individual defendant police officers violated his rights as guaranteed by the Fourth Amendment to the United States Constitution as made actionable by 42 U.S.C. § 1983 and caused his injuries.
27. By engaging in the negligent use of excessive force against the plaintiffs, the individual defendants and the City of Helena-West Helena violated his common law rights as made actionable in this court by 28 U.S.C. § 1367 and caused them injuries.
28. By failing to properly train, supervise and discipline police officers within its employ, the City of Helena-West Helena violated the plaintiffs' rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution as made actionable against it by 42 U.S.C. § 1983 and caused them injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Honorable Court:

    a) Accept jurisdiction over this matter;

    b) Empanel a jury to fairly hear and decide all issues within its scope;

c) Award to plaintiffs compensatory and punitive damages against individual defendants and compensatory damages against the City of Helena-West Helena;

d) Award attorney's fees and costs on behalf of the plaintiffs and against the defendants and

e) Enter any other order required by the interests of law and equity.

Respectfully submitted,

*/s/ J.F. Valley*

James F. Valley, Attorney at Law
J. F. VALLEY, ESQ., P. A.
423 Rightor Street, Suite 4
P O Box 451
HELENA-WEST HELENA, AR
72342-0451
(870)228-9002 Phone/Fax/Text
(888)225-0811 Toll Free Phone and Fax

c) Award to plaintiffs compensatory and punitive damages against individual defendants and compensatory damages against the City of Helena-West Helena;

d) Award attorney's fees and costs on behalf of the plaintiffs and against the defendants and

e) Enter any other order required by the interests of law and equity.

Respectfully submitted,

*[signature: J.F. Valley]*

James F. Valley, Attorney at Law
J. F. VALLEY, ESQ., P. A.
423 Rightor Street, Suite 4
P O Box 451
HELENA-WEST HELENA, AR
72342-0451
(870)228-9002 Phone/Fax/Text
(888)225-0811 Toll Free Phone and Fax